IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA and GLAXOSMITHKLINE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 23-831 (MN) |
| PFIZER INC., | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

### PFIZER INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Pfizer Inc. ("Pfizer") answers Plaintiffs GlaxoSmithKline Biologicals SA ("GSK Biologicals") and GlaxoSmithKline LLC's ("GSK LLC") (collectively, "GSK" or "Plaintiffs") First Amended Complaint as follows.

## ANSWER TO FIRST AMENDED COMPLAINT

Each of the paragraphs below corresponds to the same-numbered paragraphs (each a "Paragraph") in the First Amended Complaint. Pfizer denies all allegations in the First Amended Complaint, whether express or implied, except those admitted specifically below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that GSK may argue follow from the admitted facts. To the extent that any of GSK's allegations are vague and/or ambiguous, Pfizer denies said allegations. To the extent the subheadings in the First Amended Complaint contain any allegations, Pfizer denies those allegations.

## NATURE OF THIS ACTION

1.      Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that GSK's First Amended Complaint purports to bring a patent infringement action arising under the patent laws of the United States, Title 35, United States Code 35 U.S.C. § 100, *et seq.* relating to U.S. Patent Nos. 8,563,002 (the "'002 Patent"), 11,261,239 (the "'239 Patent), 11,629,181 (the "'181 Patent"), 11,655,284 (the "'284 Patent"), 11,820,812 (the "'812 Patent"), and 11,827,694 (the "'694 Patent) (collectively, the "GSK Patents").  Pfizer denies the remaining allegations of Paragraph 1.

2.      Admitted.

3.      Pfizer admits that on May 3, 2023, the U.S. Food and Drug Administration ("FDA") approved GSK's vaccine for RSV under the trade name AREXVY ("Arexvy").  To the extent the allegations in Paragraph 3 purport to describe or characterize a publicly available webpage, Pfizer objects to such characterization or description of the webpage and notes that such webpage speaks for itself and no response is required.  Pfizer is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4.      Pfizer admits that on May 31, 2023, the FDA approved Pfizer's RSV vaccine for adults 60 years of age and older under the trade name ABRYSVO$^{TM}$ ("Abrysvo") and that Abrysvo is currently available in the United States.  To the extent the allegations in Paragraph 4 purport to describe or characterize publicly available webpages, Pfizer objects to such characterization or description of those webpages and notes that such webpages speak for themselves and no response is required.  Pfizer denies the remaining allegations of Paragraph 4.

5.      Denied.

## PARTIES

6.      Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies them.

7.      Pfizer admits that the GSK Patents on their face identify GSK Biologicals as the assignee of the GSK Patents.  Pfizer is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and therefore denies them.

8.      Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies them.

9.      Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies them.

10.      Pfizer admits that it is a corporation organized and existing under the laws of the state of Delaware.  Pfizer denies the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11.      Admitted.

12.      Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that it is a Delaware corporation.  Pfizer does not contest personal jurisdiction for purposes of this action.

13.      Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Pfizer does not contest personal jurisdiction for purposes of this action.

14.      Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Pfizer admits that it is a Delaware corporation.  Pfizer does not contest that venue is proper in this District for purposes of this action.

3

**BACKGROUND**

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, Pfizer denies that it infringes GSK's Patents and that it uses GSK's claimed inventions.

16.     Admitted.

17.     Pfizer admits that before GSK's Arexvy vaccine, there was no other FDA-approved RSV vaccine.  Pfizer is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them.

19.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies them.

20.     Pfizer admits that Arexvy was approved by the FDA in May 2023.  Pfizer is without information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore denies them.

21.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies them.

22.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies them.

23.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies them.

24.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies them.

25.     Pfizer is without information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies them.  To the extent the allegations in Paragraph 25 purport to describe or characterize a publicly available article, Pfizer objects to such characterization or description of the article and notes that such article speaks for itself and no response is required.  To the extent a response is required, denied.

26.     Admitted.

27.     The allegation in Paragraph 27 purports to describe or characterize a publicly available article.  Pfizer objects to such characterization or description of the article and notes that the article speaks for itself and no response is required.

28.     Denied.

29.     Pfizer admits that Abrysvo is a vaccine indicated for active immunization for the prevention of LRTD caused by RSV in individuals 60 years of age and older.  Pfizer denies the remaining allegations of Paragraph 29.

30.     Admitted.

31.     Pfizer admits that Abrysvo is approved for commercial use in the United States for both older adults and for newborns and infants through maternal immunization.  To the extent the remaining allegations in Paragraph 31 purport to describe or characterize publicly available webpages, Pfizer objects to such characterization or description of those webpages and notes that such webpages speak for themselves and no response is required.

32.     Admitted.

33.     Admitted.

34.     Pfizer admits that the prescribing information for Abrysvo identifies U.S. License No. 2001 and contains the text "distributed by Pfizer Labs division of Pfizer Inc."  Pfizer admits

that the biological active substance for Abrysvo is manufactured in Andover, Massachusetts. Pfizer denies the remaining allegations of Paragraph 34.

35.    Denied.

## THE GSK PATENTS

**a.    U.S. PATENT NO. 8,563,002**

36.    Pfizer admits that the face of the '002 Patent identifies GSK Biologicals as the assignee of the '002 Patent.  Pfizer admits that the '002 Patent is entitled "Recombinant RSV Antigens" and that the U.S. Patent and Trademark Office issued the '002 Patent on October 22, 2013, and that what purports to be a true and correct copy of the '002 Patent is attached as Exhibit 4.  Pfizer denies the remaining allegations of Paragraph 36.

37.    Denied.

38.    Paragraph 38 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

39.    Paragraph 39 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

40.    Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

**b.    U.S. PATENT NO. 11,261,239**

41.    Pfizer admits that the face of the '239 Patent identifies GSK Biologicals as the assignee of the '239 Patent.  Pfizer admits that the '239 Patent is entitled "RSV F Protein Compositions and Methods for Making Same" and that the U.S. Patent and Trademark Office issued the '239 Patent on March 1, 2022, and that what purports to be a true and correct copy of the '239 Patent is attached as Exhibit 5.  Pfizer denies the remaining allegations of Paragraph 41.

42.    Denied.

43.     Paragraph 43 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

44.     Paragraph 44 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

**c.     U.S. PATENT NO. 11,629,181**

46.     Pfizer admits that the face of the '181 Patent identifies GSK Biologicals as the assignee of the '181 Patent.  Pfizer admits that the '181 Patent is entitled "RSV F Protein Compositions and Methods for Making Same" and that the U.S. Patent and Trademark Office issued the '181 Patent on April 18, 2023, and that what purports to be a true and correct copy of the '181 Patent is attached as Exhibit 6.  Pfizer denies the remaining allegations of Paragraph 46.

47.     Denied.

48.     Paragraph 48 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

49.     Paragraph 49 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

50.     Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

**d.     U.S. PATENT NO. 11,655,284**

51.     Pfizer admits that the face of the '284 Patent identifies GSK Biologicals as the assignee of the '284 Patent.  Pfizer admits that the '284 Patent is entitled "RSV F Protein Compositions and Methods for Making Same" and that the U.S. Patent and Trademark Office

issued the '284 Patent on May 23, 2023, and that what purports to be a true and correct copy of the '284 Patent is attached as Exhibit 7.  Pfizer denies the remaining allegations of Paragraph 51.

52.     Denied.

53.     Paragraph 53 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

e.      **U.S. PATENT NO. 11,820,812**

56.     Pfizer admits that the face of the '812 Patent identifies GSK Biologicals as the assignee of the '812 Patent.  Pfizer admits that the '812 Patent is entitled "RSV F Protein Compositions and Methods for Making Same" and that the U.S. Patent and Trademark Office issued the '812 Patent on November 21, 2023, and that what purports to be a true and correct copy of the '812 Patent is attached as Exhibit 8. Pfizer denies the remaining allegations of Paragraph 56.

57.     Denied.

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

**f.      U.S. Patent No. 11,827,694**

61.      Pfizer admits that the face of the '694 Patent identifies GSK Biologicals as the assignee of the '694 Patent.  Pfizer admits that the '694 Patent is entitled "RSV F Protein Compositions and Methods for Making Same" and that the U.S. Patent and Trademark Office issued the '694 Patent on November 28, 2023, and that what purports to be a true and correct copy of the '694 Patent is attached as Exhibit 9.  Pfizer denies the remaining allegations of Paragraph 61.

62.      Denied.

63.      Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

64.      Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

65.      Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, denied.

66.      Pfizer admits that an opposition in the European Patent Office ("EPO") relating to EP 3,109,258 was filed in October 2019 and that Pfizer filed an action in June 2022 in the High Court of Justice challenging the validity of EP 3,109,258, EP 2,222,710, and EP 3,178,490. Pfizer denies the remaining allegations in Paragraph 66.

67.      Admitted.

68.      Denied.

## COUNT I

69.      Pfizer incorporates by reference the responses to Paragraphs 1-68 as if fully set forth herein.

70.     Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of these materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 71.

72.     Pfizer admits that the Abrysvo package insert states that Abrysvo is a vaccine indicated for "[a]ctive immunization of pregnant individuals at 32 through 36 weeks gestational age for the prevention of lower respiratory tract disease (LRTD) and severe LRTD caused by respiratory syncytial virus (RSV) in infants from birth through 6 months of age" and "[a]ctive immunization for the prevention of LRTD caused by respiratory syncytial virus (RSV) in individuals 60 years of age and older."  Pfizer denies the remaining allegations in Paragraph 72.

73.     Denied.

74.     Admitted.

75.     Denied.

76.     Denied.

77.     Denied.

## **COUNT II**

78.     Pfizer incorporates by reference the responses to Paragraphs 1-77 as if fully set forth herein.

79.     Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 79.

80.     To the extent the allegations in Paragraph 80 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of those materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 80.

81.     Admitted.

82.     Denied.

83.     Denied.

84.     Denied.

## COUNT III

85.     Pfizer incorporates by reference the responses to Paragraphs 1-84 as if fully set forth herein.

86.     Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 86.

87.     To the extent the allegations in Paragraph 87 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of these materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 87.

88.     Admitted.

89.     Denied.

90.     Denied.

91.     Denied.

## COUNT IV

92.     Pfizer incorporates by reference the responses to Paragraphs 1-91 as if fully set forth herein.

93.     Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 93.

94.     To the extent the allegations in Paragraph 94 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of those materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 94.

95.     Admitted.

96.     Denied.

97.     Denied.

98.     Denied.

## COUNT V

99.     Pfizer incorporates by reference the responses to Paragraphs 1-98 as if fully set forth herein.

100.     Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 100.

101.     To the extent the allegations in Paragraph 101 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of these materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 101.

102.    Pfizer admits that the Abrysvo package insert states that Abrysvo is a vaccine indicated for "[a]ctive immunization of pregnant individuals at 32 through 36 weeks gestational age for the prevention of lower respiratory tract disease (LRTD) and severe LRTD caused by respiratory syncytial virus (RSV) in infants from birth through 6 months of age" and "[a]ctive immunization for the prevention of LRTD caused by respiratory syncytial virus (RSV) in individuals 60 years of age and older."  Pfizer denies the remaining allegations in Paragraph 102.

103.    Denied.

104.    Admitted.

105.    Denied.

106.    Denied.

107.    Denied.

## COUNT VI

108.    Pfizer incorporates by reference the responses to Paragraphs 1-107 as if fully set forth herein.

109.    Pfizer admits that Abrysvo is commercially available in the United States.  Pfizer denies the remaining allegations in Paragraph 109.

110.    To the extent the allegations in Paragraph 110 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of these materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 110.

111.    To the extent the allegations in Paragraph 111 purport to describe or characterize publicly available materials, Pfizer objects to such characterization or description of these

materials and notes that such materials speak for themselves and no response is required.  To the extent a response is required, denied.  Pfizer denies the remaining allegations in Paragraph 111.

112.    Pfizer admits that the Abrysvo package insert states that Abrysvo is a vaccine indicated for "[a]ctive immunization of pregnant individuals at 32 through 36 weeks gestational age for the prevention of lower respiratory tract disease (LRTD) and severe LRTD caused by respiratory syncytial virus (RSV) in infants from birth through 6 months of age" and "[a]ctive immunization for the prevention of LRTD caused by respiratory syncytial virus (RSV) in individuals 60 years of age and older."  Pfizer denies the remaining allegations in Paragraph 112.

113.    Denied.

114.    Admitted.

115.    Denied.

116.    Denied.

117.    Denied.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint recites a prayer for relief to which no response is required.  To the extent any response is required, Pfizer denies that GSK is entitled to any remedy or relief sought in the First Amended Complaint or any other remedy or relief, and denies any allegations therein.

## AFFIRMATIVE DEFENSES

Pfizer relies upon the following defenses to each claim asserted against it:

## First Affirmative Defense

The First Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The claims of the '002, '239, '181, '284, '812, and '694 patents are invalid for failure to meet the requirements of patentability under 35 U.S.C. § 101 *et seq*., including without limitation §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

**Third Affirmative Defense**

The claims of the '239, '181, '284, '812, and '694 patents are invalid and/or unenforceable based on prosecution laches because they were issued after an unreasonable and unexplained delay in prosecution, which has caused prejudice to Pfizer.

**Fourth Affirmative Defense**

The manufacture, use, offer for sale, sale and/or importation of Abrysvo, and/or the biological active substance in Abrysvo, in or into the United States has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the GSK Patents directly or indirectly, by inducement, contributorily, literally or under the doctrine of equivalence, or in any other manner.

**Fifth Affirmative Defense**

GSK is not entitled to permanent equitable relief, including but not limited to a permanent injunction that enjoins Pfizer, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States, Abrysvo, and/or the biological active substance in Abrysvo, at least because GSK's alleged damages are not irreparable and GSK has an adequate remedy at law.

**Sixth Affirmative Defense**

Pfizer's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**Seventh Affirmative Defense**

Pfizer has not willfully infringed any claim of the GSK Patents.

**Eighth Affirmative Defense**

Any additional defenses or counterclaims that discovery may reveal.

**Reservation of Affirmative Defenses**

Pfizer's investigation of its defenses is continuing, and Pfizer reserves the right to allege and assert any additional defenses.

**PFIZER'S COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff Pfizer asserts Counterclaims against GSK as follows.

1.      Pfizer counterclaims for declaratory judgment of invalidity and non-infringement of one or more claims of U.S. Patent Nos. 8,563,002 (the "'002 Patent"), 11,261,239 (the "'239 Patent"), 11,629,181 (the "'181 Patent"), 11,655,284 (the "'284 Patent"), 11,820,812 (the "'812 Patent"), and 11,827,694 (the "'694 Patent") (collectively, the "asserted patents") under 35 U.S.C. § 100, *et seq.* and 28 U.S.C. §§ 2201, 2202.

2.      Pfizer reiterates and incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint.

**THE PARTIES**

3.      Pfizer is a corporation existing under the laws of the State of Delaware with its principal place of business at 66 Hudson Boulevard East, New York, New York 10001.

16

4.      As pled in the First Amended Complaint, GSK Biologicals is a corporation existing under the laws of Belgium with its principal place of business at Avenue Fleming 20, 1300 Wavre, Belgium.

5.      As pled in the First Amended Complaint, GSK LLC is a limited liability company existing under the laws of Delaware, with its principal place of business at 2929 Walnut St., Suite 1700, Philadelphia, PA 19104.

**JURISDICTION AND VENUE**

6.      These Counterclaims are for declaratory judgment of invalidity and non-infringement, arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and the Declaratory Judgment Act §§ 2201, 2202.

8.      This Court has personal jurisdiction over Plaintiffs by virtue of their presence in Delaware, having conducted business in Delaware, and having availed themselves of the rights and benefits of Delaware law such that they should reasonably anticipate being haled into court in this judicial district.

9.      Plaintiffs have filed this action for patent infringement to this Court and have thus submitted to this Court's personal jurisdiction.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

11.     Pfizer is a biopharmaceutical company that applies science and global resources to provide therapies to people through the research and development of health care products.

17

Pfizer collaborates with healthcare providers, governments, and communities across developed and emerging markets to provide access to reliable, affordable healthcare around the world.

12.     On May 31, 2023, Pfizer's Abrysvo was approved by the FDA for the prevention of LRTD caused by RSV in individuals 60 years old or older.  Further, on August 21, 2023, the FDA approved Abrysvo's supplement for the active immunization of pregnant individuals at 32 through 36 weeks gestational age for the prevention of LRTD and severe LRTD caused by RSV in infants from birth through 6 months of age.

13.     On August 23, 2023, Abrysvo received a marketing authorization from the European Medicines Agency ("EMA") for active immunization of individuals 60 years of age and older for the prevention of LRTD caused by RSV and for passive protection against LRTD caused by RSV in infants from birth through 6 months of age following maternal immunization during pregnancy.

14.     Pfizer is currently the only company with an FDA approved RSV vaccine for active immunization of individuals 60 years of age and older and for passive protection in infants from birth through 6 months of age following maternal immunization during pregnancy.

15.     The '002 Patent is titled "Recombinant RSV antigens" and lists Guy Jean Marie Fernand Pierre Baudoux, Normand Blais, Patrick Rheault, and Jean-Louis Ruelle as the inventors.  The '002 Patent, on its face, is assigned to GSK Biologicals.

16.     The '239 Patent is titled "RSV F protein compositions and method for making same" and lists Kurt Swanson and Philip R. Dormitzer as the inventors.  The '239 Patent, on its face, is assigned to GSK Biologicals.

17.     The '181 Patent is titled "RSV F protein compositions and methods for making same" and lists Kurt Swanson and Philip R. Dormitzer as the inventors.  The '181 Patent, on its face, is assigned to GSK Biologicals.

18.     The '284 Patent is titled "RSV F protein compositions and methods for making same" and lists Kurt Swanson and Philip R. Dormitzer as the inventors.  The '284 Patent, on its face, is assigned to GSK Biologicals.

19.     The '812 Patent is titled "RSV F protein compositions and methods for making same" and lists Kurt Swanson and Philip R. Dormitzer as the inventors.  The '812 Patent, on its face, is assigned to GSK Biologicals.

20.     The '694 Patent is titled "RSV F protein compositions and methods for making same" and lists Kurt Swanson and Philip R. Dormitzer as the inventors.  The '694 Patent, on its face, is assigned to GSK Biologicals.

21.     GSK initiated the present litigation by filing a complaint against Pfizer on August 2, 2023.  GSK then filed a First Amended Complaint on November 30, 2023.

22.     GSK has alleged in the present action that Pfizer has infringed and will infringe the asserted patents by manufacturing, using, offering to sell, or selling Abrysvo and/or the biological active substance in Abrysvo in the United States and/or importing Abrysvo and/or the biological active substance in Abrysvo into the United States.

23.     As a consequence of the foregoing, there is an actual and justiciable controversy between Pfizer and GSK as to whether the claims of asserted patents are invalid, and whether those claims are being infringed by the manufacture, use, or sale of Abrysvo.

## COUNT I

### Declaratory Judgment of Invalidity of the '002 Patent

24.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 23 of the Counterclaims above.

25.     The claims of the '002 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

26.     By way of example, the claims of the '002 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of Yin et al., *Structure of the uncleaved ectodomain of the paramyxovirus (hPIV3) fusion protein*, 102 PNAS 9288, 9288-93 (2005); Yin et al., *Structure of the parainfluenza virus 5 F protein in its metastable, prefusion conformation*, 439 NATURE 38, 38-44 (2006); WO 2008/154456; Supranee Chaiwatpongsakorn & Mark E. Peeples, *Generation of Soluble Respiratory Syncytial Virus Fusion Glycoprotein*, 26TH ASV ANNUAL MEETING (Abstract P31-4) (2007); Xiaolin Wen et al., *Structures of the pre- and post-entry paramyxovirus F protein: implications for RSV vaccine and therapeutic development*, SIXTH INTERNATIONAL RSV SYMPOSIUM (Abstract) (2007); and U.S. 2004/0161846.

27.     The claims of the '002 Patent are also invalid under 35 U.S.C. § 102(g) (pre-AIA) as invented by other inventors in the United States who did not abandon, suppress, or conceal their invention before the invention date of the claimed subject matter in the '002 Patent.

28.     The claims of the '002 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  The specification does not provide adequate written description

20

and does not enable a person of ordinary skill in the art to make the claimed invention without undue experimentation.   In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

29.    An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity of the claims of the '002 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '002 Patent.

30.    Pfizer is entitled to a declaratory judgment that the claims of the '002 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

31.    A declaration is necessary and appropriate to establish that the claims of the '002 Patent are invalid.

## COUNT II

### Declaratory Judgment of Invalidity and/or Unenforceability of the '239 Patent

32.    Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 31 of the Counterclaims above.

33.    The claims of the '239 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

34.    By way of example, the claims of the '239 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of WO 2009/079796; Yang et al., *Highly Stable Trimers Formed by Human Immunodeficiency Virus Type 1 Envelope Glycoproteins Fused with the Trimeric Motif of T4 Bacteriophage Fibritin*, 76 J. VIROLOGY 4634, 4634-42 (2002); Gabriella Cseke, *Cloning, Expression and Structural Characterization of*

21

*Human Metapneumovirus Fusion Glycoprotein* (Dec. 30, 2006) (Ph.D. dissertation, Vanderbilt University) (on file with the Vanderbilt University Institutional Repository); Stevens et al., *Structure of the Uncleaved Human H1 Hemagglutinin from the Extinct 1918 Influenza Virus*, 303 SCIENCE 1866, 1866-70 (2004); Sissoeff et al., *Stable Trimerization of Recombinant Rabies Virus Glycoprotein Ectodomain is Required for Interaction with p75$^{NTR}$ receptor*, 86 J. GENERAL VIROLOGY 2543, 2543-52 (2005); and WO 2009/128951.  Furthermore, the Declaration under 37 C.F.R. § 1.132 of Matthew James Bottomley, dated March 3, 2021, does not support nonobviousness of the claimed invention at least because it does not compare the invention with the closest prior art and relies on data obtained using later invented RSV F protein constructs with attributes not described in the '239 Patent or prior art.

35.     The claims of the '239 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  For example, the specification of the '239 Patent does not provide an adequate written description for the full scope of the subject matter encompassed by "a first domain [comprising] the respiratory syncytial virus F (RSV F) protein ectodomain" recited in claim 1.  The specification of the '239 Patent also does not contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.  In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

36.     The claims of the '239 Patent are also invalid for obviousness-type double-patenting.  By way of example, claim 1 of the '239 Patent is not patentably distinct from claim 2 of the '284 patent.

22

37.     The '239 Patent is invalid and/or unenforceable based on prosecution laches because GSK engaged in an unexplained and unreasonable delay in the prosecution of the '239 Patent, which caused prejudice to Pfizer.

38.     The '239 Patent issued from U.S. Patent Application No. 15/678,798, filed on August 16, 2017, which is a continuation of application No. 12/836,931 ("the '931 Application"), filed on July 15, 2010, which claims priority to provisional application No. 61/294,426, filed on January 12, 2010, and provisional application No. 61/225,805, filed on July 15, 2009.

39.     GSK made no effort to claim an RSV F protein polypeptide comprising an ectodomain and a foldon domain when it initially filed the '931 Application in 2010.  GSK abandoned the '931 Application in 2017, after nearly seven years of prosecution, and filed U.S. Patent Application No. 15/678,798 on August 16, 2017, which ultimately issued as the '239 Patent on March 1, 2022, nearly 13 years after provisional application No. 61/225,805 was filed. This long delay shifts the burden to GSK to prove lack of prejudice and to preclude prosecution laches from applying to any civil action on the '239 Patent.

40.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity and enforceability of the claims of the '239 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '239 Patent.

41.     Pfizer is entitled to a declaratory judgment that the claims of the '239 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

42.     A declaration is necessary and appropriate to establish that the claims of the '239 Patent are invalid.

## COUNT III

**Declaratory Judgment of Invalidity and/or Unenforceability of the '181 Patent**

43.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 42 of the Counterclaims above.

44.     The claims of the '181 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

45.     By way of example, the claims of the '181 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of WO 2009/079796; Yang et al., *Highly Stable Trimers Formed by Human Immunodeficiency Virus Type 1 Envelope Glycoproteins Fused with the Trimeric Motif of T4 Bacteriophage Fibritin*, 76 J. VIROLOGY 4634, 4634-42 (2002); Gabriella Cseke, *Cloning, Expression and Structural Characterization of Human Metapneumovirus Fusion Glycoprotein* (Dec. 30, 2006) (Ph.D. dissertation, Vanderbilt University) (on file with the Vanderbilt University Institutional Repository); Stevens et al., *Structure of the Uncleaved Human H1 Hemagglutinin from the Extinct 1918 Influenza Virus*, 303 SCIENCE 1866, 1866-70 (2004); Sissoeff et al., *Stable Trimerization of Recombinant Rabies Virus Glycoprotein Ectodomain is Required for Interaction with p75$^{NTR}$ receptor*, 86 J. GENERAL VIROLOGY 2543, 2543-52 (2005); and WO 2009/128951.  Furthermore, the Declaration under 37 C.F.R. § 1.132 of Matthew James Bottomley, dated March 3, 2021, does not support nonobviousness of the claimed invention at least because it does not compare the invention with the closest prior art and relies on data obtained using later invented RSV F protein constructs with attributes not described in the '181 Patent or prior art.

46.     The claims of the '181 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  For example, the specification of the '181 Patent does not provide an adequate written description for the full scope of the subject matter encompassed by "a recombinant RSV F polypeptide of a RSV A subgroup and a recombinant RSV F polypeptide of a RSV B subgroup" wherein the polypeptides comprise "a trimerizing sequence from bacteriophage T4 fibritin" as recited in claim 1.  The specification of the '181 Patent also does not contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.  In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

47.     The '181 Patent is invalid and/or unenforceable based on prosecution laches because GSK engaged in an unexplained and unreasonable delay in the prosecution of the '181 patent, which caused prejudice to Pfizer.

48.     The '181 Patent issued from U.S. Application No. 17/848,176, filed on June 23, 2022, which is a continuation of application No. 17/564,962, filed on December 29, 2021, which is a continuation of Application No. 15/678,798, filed on August 16, 2017, now the '239 Patent, which is a continuation of the '931 Application, filed on July 15, 2010, which claims priority to provisional application No. 61/294,426, filed on January 12, 2010, and provisional application No. 61/225,805, filed on July 15, 2009.

49.     GSK made no effort to claim an RSV F protein polypeptide comprising an ectodomain and a foldon domain when it initially filed the '931 Application in 2010.  GSK abandoned the '931 Application in 2017, after nearly seven years of prosecution, and filed U.S. Patent Application No. 17/848,176 on June 23, 2022, which ultimately issued as the '181 Patent on April 18, 2023, nearly 14 years after provisional application No. 61/225,805 was filed.  This

long delay shifts the burden to GSK to prove lack of prejudice and to preclude prosecution laches from applying to any civil action on the '181 Patent.

50.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity and enforceability of the claims of the '181 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '181 Patent.

51.     Pfizer is entitled to a declaratory judgment that the claims of the '181 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

52.     A declaration is necessary and appropriate to establish that the claims of the '181 Patent are invalid.

## <u>COUNT IV</u>

### Declaratory Judgment of Invalidity and/or Unenforceability of the '284 Patent

53.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 52 of the Counterclaims above.

54.     The claims of the '284 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

55.     By way of example, the claims of the '284 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of WO 2009/079796; Yang et al., *Highly Stable Trimers Formed by Human Immunodeficiency Virus Type 1 Envelope Glycoproteins Fused with the Trimeric Motif of T4 Bacteriophage Fibritin*, 76 J. VIROLOGY 4634, 4634-42 (2002); Gabriella Cseke, *Cloning, Expression and Structural Characterization of*

26

*Human Metapneumovirus Fusion Glycoprotein* (Dec. 30, 2006) (Ph.D. dissertation, Vanderbilt University) (on file with the Vanderbilt University Institutional Repository); Stevens et al., *Structure of the Uncleaved Human H1 Hemagglutinin from the Extinct 1918 Influenza Virus*, 303 SCIENCE 1866, 1866-70 (2004); Sissoeff et al., *Stable Trimerization of Recombinant Rabies Virus Glycoprotein Ectodomain is Required for Interaction with p75$^{NTR}$ receptor*, 86 J. GENERAL VIROLOGY 2543, 2543-52 (2005); and WO 2009/128951.  Furthermore, the Declaration under 37 C.F.R. § 1.132 of Matthew James Bottomley, dated March 3, 2021, does not support nonobviousness of the claimed invention at least because it does not compare the invention with the closest prior art and relies on data obtained using later invented RSV F protein constructs with attributes not described in the '284 Patent or prior art.

56.    The claims of the '284 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  For example, the specification of the '284 Patent does not provide an adequate written description for the full scope of the subject matter encompassed by "a first domain [comprising] a respiratory syncytial virus F (RSV F) protein ectodomain" and "a second domain [comprising] a trimerizing sequence from bacteriophage T4 fibritin" as recited in claim 1.  The specification of the '284 Patent also does not contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.  In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

57.    The '284 Patent is invalid and/or unenforceable based on prosecution laches because GSK engaged in an unexplained and unreasonable delay in the prosecution of the '284 Patent, which caused prejudice to Pfizer.

27

58.     The '284 Patent issued from U.S. Patent Application No. 17/848,205, filed on June 23, 2022, which is a continuation of application No. 17/564,962, filed on December 29, 2021, which is a continuation of application No. 15/678,798, filed on August 16, 2017, now the '239 Patent, which is a continuation of the '931 Application, filed on July 15, 2010, which claims priority to provisional application No. 61/294,426, filed on January 12, 2010, and provisional application No. 61/225,805, filed on July 15, 2009.

59.     GSK made no effort to claim an RSV F protein polypeptide comprising an ectodomain and a foldon domain when it initially filed the '931 Application in 2010. GSK abandoned the '931 Application in 2017, after nearly seven years of prosecution, and filed U.S. Patent Application No. 17/848,205 on June 23, 2022, which ultimately issued as the '284 Patent on May 23, 2023, nearly 14 years after provisional application No. 61/225,805 was filed. This long delay shifts the burden to GSK to prove lack of prejudice and to preclude prosecution laches from applying to any civil action on the '284 Patent.

60.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity and enforceability of the claims of the '284 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '284 Patent.

61.     Pfizer is entitled to a declaratory judgment that the claims of the '284 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

62.     A declaration is necessary and appropriate to establish that the claims of the '284 Patent are invalid.

## COUNT V

### Declaratory Judgment of Invalidity and/or Unenforceability of the '812 Patent

63.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 62 of the Counterclaims above.

64.     The claims of the '812 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq*., including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

65.     By way of example, the claims of the '812 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of WO 2009/079796; Yang et al., *Highly Stable Trimers Formed by Human Immunodeficiency Virus Type 1 Envelope Glycoproteins Fused with the Trimeric Motif of T4 Bacteriophage Fibritin*, 76 J. VIROLOGY 4634, 4634-42 (2002); Gabriella Cseke, *Cloning, Expression and Structural Characterization of Human Metapneumovirus Fusion Glycoprotein* (Dec. 30, 2006) (Ph.D. dissertation, Vanderbilt University) (on file with the Vanderbilt University Institutional Repository); Stevens et al., *Structure of the Uncleaved Human H1 Hemagglutinin from the Extinct 1918 Influenza Virus*, 303 SCIENCE 1866, 1866-70 (2004); Sissoeff et al., *Stable Trimerization of Recombinant Rabies Virus Glycoprotein Ectodomain is Required for Interaction with p75$^{NTR}$ receptor*, 86 J. GENERAL VIROLOGY 2543, 2543-52 (2005); and WO 2009/128951.  Furthermore, the Declaration under 37 C.F.R. § 1.132 of Matthew James Bottomley, dated March 3, 2021, does not support nonobviousness of the claimed invention at least because it does not compare the invention with the closest prior art and relies on data obtained using later invented RSV F protein constructs with attributes not described in the '812 Patent or prior art.

29

66.     The claims of the '812 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  For example, the specification of the '812 Patent does not provide an adequate written description for the full scope of the subject matter encompassed by a "F1 subunit [comprising] an amino acid sequence at least 95% identical to the F1 subunit of SEQ ID NO: 1" and a "F2 subunit [comprising] an amino acid sequence at least 95% identical to the F2 subunit of SEQ ID NO: 1" as recited in claim 1.   The specification of the '812 Patent also does not contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.  In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

67.     The '812 Patent is invalid and/or unenforceable based on prosecution laches because GSK engaged in an unexplained and unreasonable delay in the prosecution of the '812 Patent, which caused prejudice to Pfizer.

68.     The '812 Patent issued from U.S. Patent Application No. 17/564,962 filed on December 29, 2021, which is a continuation of application No. 15/678,798, filed on August 16, 2017, now the '239 Patent, which is a continuation of the '931 Application, filed on July 15, 2010, which claims priority to provisional application No. 61/294,426, filed on January 12, 2010, and provisional application No. 61/225,805, filed on July 15, 2009.

69.     GSK made no effort to claim an RSV F protein polypeptide comprising an ectodomain and a foldon domain when it initially filed the '931 Application in 2010.  GSK abandoned the '931 Application in 2017, after nearly seven years of prosecution, and filed U.S. Patent Application No. 17/564,962 on December 29, 2021, which ultimately issued as the '812 Patent on November 21, 2023, over 14 years after provisional application No. 61/225,805 was

filed. This long delay shifts the burden to GSK to prove lack of prejudice and to preclude prosecution laches from applying to any civil action on the '812 Patent.

70.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity and enforceability of the claims of the '812 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '812 Patent.

71.     Pfizer is entitled to a declaratory judgment that the claims of the '812 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

72.     A declaration is necessary and appropriate to establish that the claims of the '812 Patent are invalid.

## COUNT VI

### Declaratory Judgment of Invalidity and/or Unenforceability of the '694 Patent

73.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 72 of the Counterclaims above.

74.     The claims of the '694 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

75.     By way of example, the claims of the '694 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of WO 2009/079796; Yang et al., *Highly Stable Trimers Formed by Human Immunodeficiency Virus Type 1 Envelope Glycoproteins Fused with the Trimeric Motif of T4 Bacteriophage Fibritin*, 76 J. VIROLOGY 4634, 4634-42 (2002); Gabriella Cseke, *Cloning, Expression and Structural Characterization of*

*Human Metapneumovirus Fusion Glycoprotein* (Dec. 30, 2006) (Ph.D. dissertation, Vanderbilt University) (on file with the Vanderbilt University Institutional Repository); Stevens et al., *Structure of the Uncleaved Human H1 Hemagglutinin from the Extinct 1918 Influenza Virus*, 303 SCIENCE 1866, 1866-70 (2004); Sissoeff et al., *Stable Trimerization of Recombinant Rabies Virus Glycoprotein Ectodomain is Required for Interaction with p75$^{NTR}$ receptor*, 86 J. GENERAL VIROLOGY 2543, 2543-52 (2005); and WO 2009/128951.  Furthermore, the Declaration under 37 C.F.R. § 1.132 of Matthew James Bottomley, dated March 3, 2021, does not support nonobviousness of the claimed invention at least because it does not compare the invention with the closest prior art and relies on data obtained using later invented RSV F protein constructs with attributes not described in the '694 Patent or prior art.

76.    The claims of the '694 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112 and/or § 101.  For example, the specification of the '694 Patent does not provide an adequate written description for the full scope of the subject matter encompassed by "a respiratory syncytial virus F (RSV F) ectodomain of a RSV A subgroup" as recited in claim 1 or "a respiratory syncytial virus F (RSV F) ectodomain of a RSV B subgroup" as recited in claim 11.  The specification of the '694 Patent also does not contain sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claimed invention without undue experimentation.  In addition, the claims lack utility and/or recite non-useful or inoperative subject matter.

77.    The '694 Patent is invalid and/or unenforceable based on prosecution laches because GSK engaged in an unexplained and unreasonable delay in the prosecution of the '694 Patent, which caused prejudice to Pfizer.

78.     The '694 Patent issued from U.S. Patent Application No. 18/173,006 filed on February 22, 2023, which is a continuation of application No. 17/848,176, filed on June 23, 2022, now the '181 Patent, which is a continuation of application No. 17/564,962, filed on December 29, 2021, now the '812 Patent, which is a continuation of application No. 15/678,798, filed on August 16, 2017, now the '239 Patent, which is a continuation of the '931 Application, filed on July 15, 2010, which claims priority to provisional application No. 61/294,426, filed on January 12, 2010, and provisional application No. 61/225,805, filed on July 15, 2009.

79.     GSK made no effort to claim an RSV F protein polypeptide comprising an ectodomain and a foldon domain when it initially filed the '931 Application in 2010.  GSK abandoned the '931 Application in 2017, after nearly seven years of prosecution, and filed U.S. Patent Application No. 18/173,006 on February 22, 2023, which ultimately issued as the '694 Patent on November 28, 2023, over 14 years after provisional application No. 61/225,805 was filed.  This long delay shifts the burden to GSK to prove lack of prejudice and to preclude prosecution laches from applying to any civil action on the '694 Patent.

80.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK as to the validity and enforceability of the claims of the '694 Patent, based on GSK's allegation in the First Amended Complaint that Pfizer has infringed or will infringe the '694 Patent.

81.     Pfizer is entitled to a declaratory judgment that the claims of the '694 Patent are invalid pursuant to 28 U.S.C. §§ 2201 and 2202.

82.     A declaration is necessary and appropriate to establish that the claims of the '694 Patent are invalid.

## COUNT VII

### Declaratory Judgment of Non-infringement of the '002 Patent

83.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 82 of the Counterclaims above.

84.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '002 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

85.     Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '002 Patent directly or indirectly, literally or under the doctrine of equivalents.

86.     Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '002 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

87.     A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## <u>COUNT VIII</u>

### **Declaratory Judgment of Non-infringement of the '239 Patent**

88.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 87 of the Counterclaims above.

89.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '239 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

90.     Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '239 Patent directly or indirectly, literally or under the doctrine of equivalents.

91.     Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '239 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

92.     A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## COUNT IX

### Declaratory Judgment of Non-infringement of the '181 Patent

93.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 92 of the Counterclaims above.

94.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '181 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

95.     Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '181 Patent directly or indirectly, literally or under the doctrine of equivalents.

96.     Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '181 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

97.     A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## COUNT X

### Declaratory Judgment of Non-Infringement of the '284 Patent

98.     Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 97 of the Counterclaims above.

99.     An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '284 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

100.     Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '284 Patent directly or indirectly, literally or under the doctrine of equivalents.

101.     Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '284 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

102.     A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## COUNT XI

### Declaratory Judgment of Non-Infringement of the '812 Patent

103.    Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 102 of the Counterclaims above.

104.    An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '812 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

105.    Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '812 Patent directly or indirectly, literally or under the doctrine of equivalents.

106.    Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '812 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

107.    A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## COUNT XII

### Declaratory Judgment of Non-Infringement of the '694 Patent

108.    Pfizer hereby incorporates by reference all the foregoing Paragraphs of Pfizer's Answer and Affirmative Defenses to the First Amended Complaint and Paragraphs 1 to 107 of the Counterclaims above.

109.    An actual, substantial, continuing, and justiciable controversy exists between Pfizer and GSK regarding whether the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo in the United States infringes, has infringed, or will infringe any valid and enforceable claim of the '694 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

110.    Pfizer's manufacture, use, offer for sale, sale, and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim(s) of the '694 Patent directly or indirectly, literally or under the doctrine of equivalents.

111.    Pfizer is entitled to a declaratory judgment that the manufacture, use, offer for sale, sale and/or importation of Abrysvo and/or the biological active substance in Abrysvo has not and will not infringe any valid and enforceable claim(s) of the '694 Patent pursuant to 28 U.S.C. §§ 2201 and 2202.

112.    A declaration of non-infringement is necessary and appropriate to establish the rights and obligations of each party.

## **PRAYER FOR RELIEF**

WHEREFORE, Pfizer respectfully prays that this Court enter judgment in its favor and against GSK as follows:

A.   Adjudging and decreeing that GSK be denied all relief requested under the First Amended Complaint;

B.   Declaring that the asserted patents are invalid and/or unenforceable;

C.   Declaring that Pfizer has not and will not infringe any valid and enforceable claim of the asserted patents;

D.   Enjoining GSK and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof from threatening or initiating infringement litigation against Pfizer or Pfizer's actual or prospective customers, sellers, dealers, or suppliers, or charging them either orally or in writing with infringement of the asserted patents;

E.   Granting Judgment in Pfizer's favor on the First Amended Complaint;

F.   Denying GSK's request for injunctive relief;

G.   Denying GSK's request for any monetary damages;

H.   Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Pfizer's costs and reasonable attorneys' fees;

I.   An award of taxable costs;

J.   An award of interest; and

K.   Awarding any other such relief as it is just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E Dellinger*

OF COUNSEL:

Dimitrios T. Drivas
John P. Scheibeler
Amit H. Thakore
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

Elizabeth Chang
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071
(213) 620-7700

December 21, 2023

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 21, 2023, upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                    *VIA ELECTRONIC MAIL*
Kelly E. Farnan, Esquire
Sara M. Metzler, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiffs GlaxoSmithKline*
*Biologicals SA and GlaxoSmithKline LLC*

Christopher R. Noyes, Esquire                    *VIA ELECTRONIC MAIL*
Robert J. Gunther Jr., Esquire
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
*Attorneys for Plaintiffs GlaxoSmithKline*
*Biologicals SA and GlaxoSmithKline LLC*

Lisa J. Pirozzolo, Esquire                    *VIA ELECTRONIC MAIL*
Stephanie Lin, Esquire
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
*Attorneys for Plaintiffs GlaxoSmithKline*
*Biologicals SA and GlaxoSmithKline LLC*

*/s/ Megan E. Dellinger*
_____
Megan E. Dellinger (#5739)