## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE BIOLOGICALS SA AND GLAXOSMITHKLINE LLC,<br><br>                  Plaintiffs,<br><br>v.<br><br>PFIZER INC.,<br><br>                  Defendant. | C.A. No. 23-cv-831-MN<br><br>**DEMAND FOR JURY TRIAL** |

### SCHEDULING ORDER

This 27th day of February 2024, the parties having submitted a joint proposed scheduling order pursuant to the Court's January 22, 2024 order (D.I. 13), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.   Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.

The parties agree to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) by Wednesday, March 6, 2024.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery)  and  is incorporated herein by reference.

2.   Joinder of Other Parties and Amendment of Pleadings.

All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before Friday, January 17, 2025.  Unless otherwise ordered by the Court, any motion to join a party

or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3.    Application to Court for Protective Order.

Counsel agree that it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information.  Counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court for review and resolution of any unresolved disputes by Friday, March 22, 2024.   Should counsel be unable to reach an agreement on a proposed form of order, counsel must  follow the provisions of Paragraph 8(g) below until the Court rules on a form of order.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.    Papers Filed Under Seal.

In accordance with section G of the  Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.    Courtesy Copies.

The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6.    ADR Process.

Per Standing Order No. 2022-2, the parties understand that this case will not be automatically referred to a magistrate judge for the purpose of exploring alternative dispute resolution.

7.    Disclosures.    Absent agreement among the parties, and approval of the Court:

(a)    By Friday, April 12, 2024, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

(b)    By Monday, May 13, 2024, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(c)    By Wednesday, June 12, 2024, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By Tuesday, July 16, 2024, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)    By Friday, April 4, 2025, and in accordance with the Court's January 22, 2024 Order (D.I. 13), the Plaintiffs shall provide final infringement contentions.  By Friday, April 18, 2025, and in accordance with the Court's January 22, 2024 Order (D.I. 13), the Defendant shall provide final invalidity contentions.  Final contentions shall include a party's contentions under its proposed construction(s), as well as under the opposing construction(s) (if such an alternative contention exists).  By Friday, May 9, 2025, the Defendant shall provide final non-infringement contentions.  By Friday, May 23, 2025, the Plaintiffs shall provide final validity contentions.

8.    Discovery.

Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)    Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before Friday, March 28, 2025.

(b)    Document Production. Document production shall be substantially complete by Thursday, October 31, 2024.

(c)    Requests for Admission. A maximum of 35 requests for admission are permitted for each side.  Any requests for admission directed to the authentication of documents are excluded from this limitation and may be served up until 60 days prior to trial.

(d)    Interrogatories.

i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    Depositions.

i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of 105 hours of taking testimony by deposition upon oral examination.  Depositions are limited to seven hours on the record.  When a translator or interpreter is used, each 1.5 hours of deposition time shall count at 1 hour against the overall limit.  Absent agreement of the parties or upon a showing of good cause, (1) each fact witness may be deposed in an individual capacity only

4

once, (2) any noticed deposition shall count as a minimum of 4 hours, (3) no deposition shall exceed 7 hours in one day.  If either side determines that more than 7 hours are needed with a particular fact witness, the parties agree to meet and confer in good faith about the need for more time.  This provision does not apply to depositions of expert witnesses disclosed under Rule 26(a)(2).

        ii.     <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        iii.     <u>International Deponents</u>:  If the parties agree to hold any deposition of a witness who is under the control of a party or represented by a party's counsel at a location outside of the United States, the parties shall meet and confer to identify an acceptable approach, such as producing the witness for deposition in accordance with the Federal Rules of Civil Procedure and in a location convenient to the deponents where such a deposition is permitted under controlling law (e.g., England, Belgium, or a convenient consulate location).

        (f)     <u>Disclosure of Expert Testimony.</u>

        i.     <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before Friday, October 17, 2025.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before Friday, November 14, 2025.  Reply reports are due on or before Friday, December 12, 2025.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the

submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

i.      Expert Report Supplementation.   The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), to the extent the opinions were disclosed in the timely expert reports submitted pursuant to the above paragraph.

ii.      Objections to Expert Testimony.   To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iii.      Expert Discovery Cut-Off.  All expert discovery in this case shall be initiated so that it will be completed on or before Friday, January 30, 2026.

(g)      Discovery Matters and Disputes Relating to Protective Orders.

i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.      Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.      On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.   On a date to be set

by separate order, but generally not less than three (3) days prior to the conference, any party

opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that

party's reasons for its opposition.

                iv.    The parties shall provide to the Court two (2) courtesy copies of its

discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits,

declarations, affidavits etc.).   This provision also applies to papers filed under seal.   All courtesy

copies shall be double-sided.

                v.    Should the Court find further briefing necessary upon conclusion of

the conference, the Court will order it.   Alternatively, the Court may choose to resolve the dispute

prior to the conference and will, in that event, cancel the conference.

9.     Motions to Amend / Motions to Strike.

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any

motion to strike any pleading or other document shall be made pursuant to the discovery dispute

procedure set forth in Paragraph 8(g) above.

    (b)    Any such motion shall attach the proposed amended pleading as well as a "redline"

comparison to the prior pleading or attach the document to be stricken.

10.    Technology Tutorials.

    Although technology tutorials are not required by the Court, they are appreciated and, if any

party chooses to file such a tutorial, it shall be submitted on or  before the date that the Joint Claim

Construction Brief is filed.

11.    Claim Construction Issue Identification

    On Friday, July 26, 2024, the parties shall exchange a list of those claim term(s)/phrase(s) that

they believe need construction.  On Friday, August 9, 2024, the parties shall exchange their proposed

claim construction of those term(s)/phrase(s). These documents will not be filed with the Court.

Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on Monday, June 2, 2025, two weeks prior to service of the opening claim construction brief.   The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12.     Claim Construction Briefing.

The Plaintiffs shall serve, but not file, its opening brief, not to exceed 20 pages, on Monday, June 9, 2025.  The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on Monday, June 30, 2025.  The Plaintiffs shall serve, but not file, its reply brief, not to exceed 20 pages, on Friday, July 18, 2025.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on Monday, July 28, 2025.   No later than Thursday, July 31, 2025, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.  If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

    1.      Plaintiffs' Opening Position

    2.      Defendant's Answering Position

    3.      Plaintiffs' Reply Position

    4.      Defendants' Sur-Reply Position

[TERM 2]

    1.      Plaintiffs' Opening Position

    2.      Defendant's Answering Position

    3.      Plaintiffs' Reply Position

    4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.    <u>Hearing on Claim Construction.</u>

Beginning at 2:00 p.m. on August 21, 2025, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.   Supplementation.

Absent agreement among the parties, and approval of the Court, no later than Friday, December 20, 2024, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

15.   Case Dispositive Motions.

(a)   All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before Friday, February 13, 2026, a date approximately four months prior to the pretrial conference, the four months being calculated from the conclusion of the briefing.   No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  Answering briefs shall be served and filed on or before Friday, March 6, 2026.  Reply briefs shall be served and filed on or before Friday, March 20, 2026.

(b)   Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with

its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)      Page limits combined with Daubert motion page limits.  Each party is permitted to file as many case dispositive motions as desired provided, however, that each SIDE will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each SIDE.[1]

16.      Applications by Motion.

Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

17.     Motions *in Limine.*

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     Pretrial Conference.

On July 27, 2026, the Court will hold a pretrial conference in Court with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with  the  timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.     Jury Instructions, Voir Dire, and Special Verdict Forms.

Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

20.     Trial.

This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on August 3, 2026, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21.     Judgment on Verdict and Post-Trial Status Report.

Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22.     Post-Trial Motions.

Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_Maryellen Noreika_

The Honorable Maryellen Noreika
United States District Judge

13

## CHART OF RELEVANT DEADLINES

| EVENT | PROPOSED DEADLINE |
|---|---|
| First day to serve discovery | Wednesday, Feb. 21, 2024 |
| Rule 26(a)(1) Initial Disclosures | Wednesday March 6, 2024 |
| Parties shall submit to the Court a proposed form of protective order for review and resolution of any unresolved disputes | Friday, March 22, 2024 |
| Plaintiffs to identify accused products and asserted patents and produce file histories | Friday, April 12, 2024 |
| Defendant to produce core technical documents related to the accused product(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications | Monday, May 13, 2024 |
| Defendant to produce sales figures for the accused product(s) | Monday, May 13, 2024 |
| Plaintiffs to produce initial infringement claim chart | Wednesday, June 12, 2024 |
| Defendant to produce initial invalidity contentions and related invalidating references | Tuesday, July 16, 2024 |
| Parties to finally supplement, *inter alia*, the identification of all accused products and of all invalidity references | Friday, Dec. 20, 2024 |
| Exchange claim terms needing construction | Friday, July 26, 2024 |
| Exchange of proposed preliminary constructions of disputed terms and identification of supporting intrinsic evidence | Friday, Aug. 9, 2024 |
| Substantial completion of document production | Thursday Oct. 31, 2024 |
| Deadline for parties to seek leave to amend pleadings and join parties | Friday, Jan. 17, 2025 |
| Fact Discovery Cut Off | Friday, March 28, 2025 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Plaintiffs' final infringement contentions | Friday, April 4, 2025 |
| Defendant's final invalidity contentions | Friday, April 18 2025 |
| Defendant's final noninfringement contentions | Friday, May 9, 2025 |
| Plaintiffs' final validity contentions | Friday, May 23, 2025 |
| Joint Claim Construction Chart | Monday, June 2, 2025 |
| Opening Claim Construction Brief | Monday, June 9, 2025 |
| Answering Claim Construction Brief | Monday, June 30, 2025 |
| Reply Claim Construction Brief | Friday, July 18, 2025 |
| Sur-reply Claim Construction Brief | Monday, July 28, 2025 |
| Joint Claim Construction Brief / Optional tech tutorial | Thursday, July 31, 2025 |
| Claim Construction Hearing | Thursday, August 21, 2025 at 2:00 p.m. |
| Opening Expert Reports | Friday, Oct. 17, 2025 |
| Rebuttal Expert Reports | Friday, Nov. 14, 2025 |
| Reply Expert Reports | Friday Dec. 12, 2025 |
| Expert Discovery Completion | Friday, Jan. 30, 2026 |
| Case dispositive motions and *Daubert* motions, as well as an opening brief, statements of facts, and affidavits, if any | Friday, Feb. 13, 2026 |
| Answering briefs in opposition to case dispositive motions and *Daubert* motions | Friday, March 6, 2026 |
| Reply briefs in support of summary judgment motions and *Daubert* motions | Friday March 20, 2026 |

| **Event** | **Proposed Deadline** |
|---|---|
| Jury instructions, voir dire, and special verdict forms | 7 days before the final pretrial conference |
| Joint proposed pretrial order | 7 days before the pretrial conference |
| Pretrial conference | July 27, 2026 at 4:30 p.m. |
| Jury trial | August 3, 2026 (5 days) |
| Post-Trial Motions | To be determined by the Court after trial |